Entered on Docket
June 28, 2005
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 28, 2005

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                          )  Case No: 05-30420 TEC7
                               )
STANLEY M WHITERS,             )
                               )  Chapter 7
                               )
                               )  Date: July 1, 2005
                               )  Time: 9:30 a.m.
                    Debtor.    )  Ctrm: Hon. Thomas E. Carlson
                               )        235 Pine Street
                                        San Francisco, CA
```

**MEMORANDUM DECISION RE MOTION TO DISMISS UNDER SECTION 707(b)**

The Unites States Trustee moves to dismiss this chapter 7 case under section 707(b) on the basis that Debtor has substantial disposable income that could be used to pay his creditors through a chapter 13 plan.

Debtor is a recovered substance abuser, who now works as a substance abuse counselor. His monthly take home pay after payment of child support is $1,714. Debtor lives in San Francisco. His claimed monthly living expenses total $1,785. Debtor does not own a car; his claimed transportation expense of $75 is only $30 more than the cost of a monthly Muni pass. Debtor lives in a rented

MEMORANDUM DECISION RE MOTION TO
DISMISS UNDER SECTION 707(b)          -1-

room with a shared bath and kitchen for $500 per month.  He has custody of his three year old child on both days of every weekend.

The United States Trustee contends that Debtor's claimed living expenses are unreasonably high, focusing particularly on his expenditure of $500 per month for food and his expenditure of $200 per month for recreation.  I find this argument unpersuasive.  Debtor's food expenditure amounts to only $16.66 per day.  Debtor's recreation expenditure is also reasonable in light of the fact that he does not have his own apartment but only a room with a shared kitchen and bath.  It is not unreasonable for him to use some of the savings resulting from his very low rent to get out and enjoy himself occasionally.

Taking account of all the facts and circumstances of this case, I determine that Debtor's chapter 7 petition clearly does not represent a *substantial* abuse of the bankruptcy laws, unless one believes that Americans who cannot pay their debts should be forced to live in the world of Dickens' *Hard Times*.  I find that oral argument would not be helpful, and would result only in unreasonably increasing the debtor's legal fees.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM DECISION RE MOTION TO DISMISS UNDER SECTION 707(b)** -2-

<u>**Court Service List**</u>

Patricia A. Cutler
Office of the U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

Drew Henwood
Law Offices of Drew Henwood
211 Sutter St. #603
San Francisco, CA 94108

Charles E. Sims
P.O. Box 1247
Sonoma, CA 95476-1247

Case: 05-30420    Doc# 12    Filed: 06/28/05    Entered: 06/28/05 14:14:37    Page 3 of 3